# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JOSHUA TAPER, | : | Case No. 1:23-cv-806 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Kimberly A. Jolson |
| JENNIFER BRANCH, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's documents titled "Amending Retaliation Claim Preliminary Injunction" (Doc. 49) and "Amending Retailiation Claim preliminary injunction" (Doc. 51), which the Court construes as motions to amend Plaintiff's Second Amended Complaint.  For the reasons below, it is **RECOMMENDED** that the Motions (Doc. 49, 51) be **DENIED**.

Under Federal Rule of Civil Procedure 15, a party may amend its pleading "once as a matter of course" before a responsive pleading is served.  All further amendments require leave of Court. *See, e.g.*, *Gaasch v. Stoev*, No. 2:09-cv-2270, 2010 WL 11598109, at *2 (W.D. Tenn. Dec. 21, 2010).  Because the Court has already allowed Plaintiff to file a Second Amended Complaint (*see* Doc. 21), leave of Court to amend is required.  *See Gaasch*, 2010 WL 11598109, at *2.

In addition, Plaintiff has not included a proposed Third Amended Complaint with his Motions to Amend in violation of Federal Rule of Civil Procedure 7(b).  *See Williams v. Zumbiel Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005) ("To meet the particularity requirements of [Federal Rule of Civil Procedure] 7(b), 'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both

the Court and opposing parties can understand the exact changes sought.'") (quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). Further, these Motions combine allegations from this case and another matter that he has filed in this Court under Case No. 1:24-cv-159. It is not clear to the Court what new retaliation claims Plaintiff wishes to bring.

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's Motions to Amend (Docs. 49, 51) be **DENIED**. Plaintiff is **ADVISED** that no further motions to amend will be entertained until the District Judge has ruled on the Order and Reports and Recommendations filed this date regarding Plaintiff's Second Amended Complaint and other pending motions.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed,

2

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date:   June 6, 2024                                                /s/ Kimberly A. Jolson
                                                                    KIMBERLY A. JOLSON
                                                                    UNITED STATES MAGISTRATE JUDGE