**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| JOSHUA TAPER, | : | Case No. 1:23-cv-806 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| JENNIFER BRANCH, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

This case is currently before the Court on Plaintiff's Motions for Preliminary Injunction (Docs. 45, 46). Plaintiff seeks to enjoin Defendants from engaging in allegedly retaliatory behavior against him and subjecting him to allegedly unconstitutional conditions of confinement. (*See, e.g.*, Doc. 45 at 1; Doc. 46 at 2–4).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*See Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689–90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as

part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848–49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

A preliminary injunction is not warranted in this case. The purpose of a preliminary injunction — to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) — would not be served. The present status quo in this case is, according to Plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy Plaintiff presently seeks is more than an injunction maintaining

the status quo; he seeks an Order from this Court requiring Defendants to transfer him to another institution and/or release him from custody.  (Doc. 45 at 1, 6; Doc. 46 at 4).  Such affirmative relief is beyond the scope and purpose of preliminary injunctive relief, *see id.*, and, to the extent he seeks release, beyond the scope of 42 U.S.C § 1983.  *See Heck v. Humphry*, 512 U.S. 477 (1994).

A preliminary injunction is also not warranted here as the Court has recommended that Plaintiff's claims in this case either be dismissed or found to be improperly joined in this action. *See, e.g., Taylor v. Van Lanen*, No. 11-C-249, 2011 WL 4344233, at *3 (E.D. Wis. Sept. 14, 2011) ("For the reasons stated above, however, claims arising out of that incident are not properly joined here.  Accordingly, the motion for preliminary injunctive relief will be denied.").

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motions for Preliminary Injunction (Docs. 45, 46) be **DENIED.**

## <u>PROCEDURE ON OBJECTIONS:</u>

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date: June 6, 2024                                    /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE